Filed 7/27/22  Bayside Covenant Church v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| BAYSIDE COVENANT CHURCH, INC., | C095727 |
| Petitioner, | (Super. Ct. No. 34201900261594CUPOGDS) |
| v. | |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | |
| Respondent; | |
| ASHTON FRITZ et al., | |
| Real Parties in Interest. | |

This personal injury action arose out of Ashton Fritz's attempt to do a backflip in his dormitory while at a summer camp affiliated with petitioner Bayside Covenant Church, Inc. (Bayside).  He landed on his head and severely damaged his spinal cord.  In the underlying complaint, Ashton Fritz asserts his own negligence action against Bayside and other defendants, including Hume Lake Christian Camps, Inc.  His parents, Sarah

1

and Kevin Fritz,[1] have a joint negligence cause of action against the defendants. Bayside moved for summary judgment on the ground that the entire action is barred by an assumption of risk and liability release. The trial court denied the motion based on its conclusion there was a triable issue of fact as to whether Sarah signed the release. Bayside filed a writ petition seeking to set aside the trial court's denial of its motion. A divided panel from this Court issued an alternative writ. After reviewing the parties' additional briefing, this panel concludes the trial court properly denied Bayside's motion. Therefore, we deny the writ petition.

## I. BACKGROUND

Bayside moved for summary judgment on the basis that Sarah completed a registration form for Ashton that included an assumption of risk and liability release that discharged Bayside of any liability for negligence claims. Bayside argued electronic signatures are enforceable in California and can be authenticated by security procedures.

It is undisputed that Ashton was registered for the 2017 Hume San Diego High School summer camp by Sarah.[2] A confirmation email and receipt for payment for the camp was sent to her.

As relevant to the issues on appeal, Bayside also offered the following purportedly undisputed facts in support of its motion for summary judgment:

To register a student for the camp, a person had to use the InFellowship website. The website required a person to sign in by entering their email address and password to access the registration form. Bayside created the form. In doing so, Bayside chose answer settings. If Bayside made a question "required," and a person did not complete it, the person could not submit the registration form and pay for the camp. The registration

---

[1] We will subsequently refer to the Fritzes by their first names to avoid confusion.

[2] Ashton testified his mother did the registration while he was nearby. He said he was "pretty sure" he did not input any information.

2

form included a "Model/Liability Release" (Release). Underneath the Release is the question, "Have you read, understood and agreed with this release?" A drop-down menu provides only one option where a person must click "yes." A person was also required to enter some text into the text box associated with "Parent/Guardian First/Last Name." The completed registration form for Ashton shows the answer "yes" was selected and the name "Fritz" entered in the text box below the Release. Once all required portions of the registration form were completed, including the Release, a parent could continue through the registration process to pay for the camp. These purported facts were supported by declarations from Bayside's Data Manager and the Director of Enterprise Research and Development over the software product Bayside used to create the registration form. The latter also declared no changes were made to the completed registration form after its submission on June 27, 2021.

The Fritzes opposed Bayside's motion for summary judgment, arguing: (1) Bayside failed to properly authenticate the signature on the Release as Sarah's; (2) Bayside cannot establish that the scope of the release encompasses the risk of injury from negligent supervision during a non-recreational activity; (3) there was a triable issue of fact as to Bayside's gross negligence; and (4) the release is an adhesion contract and against public policy.

The Fritzes argued the authentication was defective because there was no evidence the forms could not be altered before submission by anyone who is able to view the forms. More importantly, the Fritzes disputed Bayside's assertion that Sarah was required to click "yes" and enter text next to "Parent/Guardian First/Last Name" to complete registration and that she clicked "yes" and entered "Fritz" in registering for the 2017 camp. To do so, the Fritzes relied on evidence from Sarah's deposition in which she stated she did not recall if she agreed to the liability release, "[b]ut I also know looking at this I would not have completed just the last name Fritz. If it says parent, guardian, first, slash, last name, I would not have just typed in Fritz." She reiterated, "if I

3

had completed this I would not have just put my name Fritz there."  The Fritzes also relied on the evidence that the previous year, in registering for the 2016 camp, she entered "Sarah Fritz" in response to the same question.

The court denied the motion "because there is a triable issue of fact as to whether Sarah Fritz electronically signed the liability release" and "in ruling on a motion for summary judgment, the Court cannot weigh competing evidence as if it were sitting as a trier of fact."  The court did not rule on evidentiary objections or address any other issues raised by the parties.

Bayside sought review in this court by filing a petition for writ of mandate, prohibition, or other appropriate relief.  Plaintiffs opted not to file a preliminary opposition.

With Justice Hull dissenting, a panel of this court issued an alternative writ of mandate directing the superior court to grant the relief requested or show cause why the relief should not be granted.

The Fritzes filed a return by demurrer[3] and answer.

## II.  DISCUSSION

A.    *Standard of Review*

"A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).)  We review the trial court's decision de novo, considering all of the evidence the parties offered in connection with the motion (except

---

[3] The Fritzes argued, in part, that the petition was untimely.  They essentially fault Bayside for not filing its own proposed order to accelerate the deadline for filing its writ petition.  Because it was not the prevailing party, Bayside was not required to do so. (Cal. Rules of Court, rule 3.1312.)

that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports." (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)

A defendant moving for summary judgment "bears the burden of persuasion that 'one or more elements of' the 'cause of action' in question 'cannot be established,' or that 'there is a complete defense' thereto." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850; see also Code Civ. Proc., § 437c, subd. (p)(2).) "[T]he party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact." (*Aguilar v. Atlantic Richfield Co., supra*, at p. 850.) Once the moving party meets its initial burden, the burden shifts to the opposing party to demonstrate the existence of a triable issue of material fact. (*Ibid.*) "The plaintiff . . . shall not rely upon the allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to the cause of action or a defense thereto." (Code Civ. Proc., § 437c, subd. (p)(2).) We review the evidence and the reasonable inferences drawn therefrom in the light most favorable to the party opposing summary judgment. (*Aguilar v. Atlantic Richfield Co., supra*, at p. 843.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Id*. at p. 850.) Additionally, we may not weigh the plaintiffs' evidence or inferences against the defendant's as though we are a trier of fact. (*Id*. at p. 856.)

B.      *There Was a Triable Issue of Fact Regarding the Release*

Bayside's motion for summary judgment was premised on the existence of an applicable release. "[P]arties may contract for the release of liability for future ordinary negligence so long as such contracts do not violate public policy. [Citations.] 'A valid release precludes liability for risks of injury within the scope of the release.' " (*Anderson v. Fitness Internat., LLC* (2016) 4 Cal.App.5th 867, 877.) "While often referred to as a

5

defense, a release of future liability is more appropriately characterized as an express assumption of the risk that negates the defendant's duty of care, an element of the plaintiff's case. '[C]ases involving express assumption of risk are concerned with instances in which, as the result of an express agreement, the defendant owes no duty to protect the plaintiff from an injury-causing risk. Thus in this respect express assumption of risk properly can be viewed as analogous to primary assumption of risk. . . . "In its most basic sense, assumption of risk means that the plaintiff, in advance, has given his express consent to relieve the defendant of an obligation of conduct toward him, and to take his chances of injury from a known risk arising from what the defendant is to do or leave undone . . . . The result is that the defendant is relieved of legal duty to the plaintiff; and being under no duty, he cannot be charged with negligence." ' " (*Eriksson v. Nunnink* (2015) 233 Cal.App.4th 708, 719, emphasis removed.) "In a summary judgment motion, the defendant bears the burden of establishing the validity of a release 'as applied to the case at hand.' " (*Jimenez v. 24 Hour Fitness USA, Inc*. (2015) 237 Cal.App.4th 546, 554.)

"Every contract requires mutual assent or consent (Civ. Code, §§ 1550, 1565), and ordinarily one who signs an instrument which on its face is a contract is deemed to assent to all its terms." (*Marin Storage & Trucking, Inc. v. Benco Contracting and Engineering, Inc*. (2001) 89 Cal.App.4th 1042, 1049.) In particular, "[a] party cannot avoid the terms of a contract on the ground that he or she failed to read it before signing." (*Ibid*.) To establish the existence of a valid release, Bayside relied on this principle and argued electronic signatures are enforceable in California and can be authenticated by security procedures. "Under Civil Code section 1633.7, enacted in 1999 as part of the Uniform Electronic Transactions Act (Civ. Code, § 1633.1 et seq., added by Stats. 1999, ch. 428, § 1, pp. 2809-2816), an electronic signature has the same legal effect as a handwritten signature (Civ. Code, § 1633.7, subd. (a) ['A . . . signature may not be denied legal effect or enforceability solely because it is in electronic form[]'])." (*Ruiz v. Moss Bros. Auto*

6

*Group, Inc*. (2014) 232 Cal.App.4th 836, 843.) However, any writing, including an electronically signed agreement, must be authenticated before the writing may be introduced into evidence. (Evid. Code, § 1401, subd. (a); *Ruiz, supra*, at p. 843.) "Authentication is to be determined by the trial court as a preliminary fact ([Evid. Code,] § 403, subd. (a)(3)) and is statutorily defined as 'the introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is' or 'the establishment of such facts by any other means provided by law' ([Evid. Code,] § 1400)." (*People v. Goldsmith* (2014) 59 Cal.4th 258, 266.) "Civil Code section 1633.9 addresses how a proponent of an electronic signature may authenticate the signature— that is, show the signature is, in fact, the signature of the person the proponent claims it is." (*Ruiz, supra*, at p. 843.) The statute provides: "An electronic record or electronic signature is attributable to a person if it was the act of the person. The act of the person may be shown in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable." (Civ. Code, § 1633.9, subd. (a).) Bayside argues the trial court "erroneously relied on immaterial and incompetent evidence and failed in its obligation to resolve any question of fact regarding authentication." These assertions are unavailing.

Bayside relies on *Espejo v. Southern California Permanente Medical Group* (2016) 246 Cal.App.4th 1047, which involved a petition to compel arbitration, to suggest it produced sufficient evidence of security protocols to authenticate an electronic contract containing a release. (*Id.* at p. 1050.) " '[W]hen a petition to compel arbitration is filed and accompanied by prima facie evidence of a written agreement to arbitrate the controversy, the court itself must determine whether the agreement exists and, if any defense to its enforcement is raised, whether it is enforceable.' " (*Id.* at p. 1057.) Further, " '[i]n these summary proceedings, the trial court sits as a trier of fact, weighing all the affidavits, declarations, and other documentary evidence, as well as oral testimony

7

received at the court's discretion, to reach a final determination.' " (*Id*. at pp. 1057-1058.) In ruling on a motion for summary judgment, in contrast, the court does not sit as a trier of fact and may not weigh the evidence. (*Aguilar v. Atlantic Richfield Co*., *supra*, 25 Cal.4th at p. 856.) The central issue in *Espejo* was whether the defendants were required to establish the authenticity of an electronic signature as part of their initial burden of establishing a valid arbitration agreement. (*Espejo, supra*, at pp. 1055, 1060.) The appellate court held that the defendants were not required to authenticate the signature until it was challenged, and the defendants had "met their initial burden by attaching to their petition a copy of the purported arbitration agreement bearing Espejo's electronic signature." (*Id*. at p. 1060.) "Once Espejo challenged the validity of that signature in his opposition, defendants were then required to establish by a preponderance of the evidence that the signature was authentic." (*Ibid*.) The appellate court concluded that defendants' declarations, which "detailed [their] security precautions regarding transmission and use of an applicant's unique username and password, as well as the steps an applicant would have to take to place his or her name on the signature line," were sufficient to establish the electronic signature was the act of Espejo and properly authenticated the document. (*Id*. at p. 1062.) The court did not analyze whether a purported arbitration agreement had been formed. (*Id*. at p. 1063.) Thus, the court remanded for consideration of issues such as whether the agreement was unenforceable due to lack of mutual assent. (*Ibid*.)

Whether Bayside produced sufficient evidence to authenticate the Release or Sarah's signature and admit the Release into evidence is not the correct focus of our inquiry. With respect to authenticity, "[t]he foundation requires that there be sufficient evidence for a trier of fact to find that the writing is what it purports to be, i.e., that it is genuine for the purpose offered. [Citation.] Essentially, what is necessary is a prima facie case. 'As long as the evidence would support a finding of authenticity, the writing is admissible. The fact conflicting inferences can be drawn regarding authenticity goes to

the document's weight as evidence, not its admissibility.' " (*People v. Goldsmith, supra*, 59 Cal.4th at p. 267.) Thus, proffering sufficient evidence to authenticate a document does not necessarily prevent the opposing party from creating a triable issue of fact regarding the document's genuineness. Here, the trial court denied Bayside's motion because it found there was a triable issue of fact.

We must affirm the trial court's ruling because we conclude the evidence regarding Bayside's security protocols was not undisputed. We must accept as true the Fritzes' evidence *and* the reasonable inferences drawn therefrom. (*Aguilar v. Atlantic Richfield Co., supra*, 25 Cal.4th at p. 843.) We cannot weigh the Fritzes' evidence or inferences against Bayside's. (*Id*. at p. 856.) Bayside argues Sarah's inability to recall executing the liability release portion of the registration form did not create a triable issue of fact to "negate the authenticity of the release agreement." Bayside characterizes Sarah's testimony that she would not have typed in just her last name as "speculation" and "not competent evidence." Sarah testified, "I also know looking at this I would not have completed just the last name Fritz. If it says parent, guardian, first, slash, last name, I would not have just typed in Fritz." The 2017 form asks for a "Parent/Guardian First/Last Name" as she describes. Sarah was not speculating; she was testifying as to how she signs electronic forms. Indeed, her testimony was supported by evidence that the previous year's form, which also asked for "Parent/Guardian First/Last Name," was completed with "Sarah Fritz" rather than "Fritz." Accepting as true the evidence in the Fritzes' favor and the reasonable conclusions drawn therefrom, they have created a triable issue of fact as to whether there was a valid release even if the release is admissible as evidence. If believed, Sarah's testimony undermines Bayside's evidence regarding the effectiveness of their security protocols. While Sarah's electronic signature

itself may not be ultimately necessary to prove her assent,[4] the difficulty this case presents at summary judgment is that her evidence contradicts the evidence regarding how the online registration form worked, thereby creating a triable issue of fact as to whether the form worked as described and whether she agreed to the release. Further, because Bayside bore the burden of proof on this issue, Sarah did not need to offer evidence of *how* the form was changed to create a triable issue of fact. The trial court did not err in denying Bayside's motion for summary judgment.

### III.  DISPOSITION

The petition for writ of mandate, prohibition, or other appropriate relief is denied. Ashton, Sarah, and Kevin Fritz shall recover their costs in this original proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

/S/

_____

RENNER, J.


We concur:


/S/

_____

MAURO, Acting P. J.


/S/

_____

HOCH, J.

_____

[4] "The existence of mutual assent is determined by objective criteria, not by one party's subjective intent. The test is whether a reasonable person would, from the conduct of the parties, conclude that there was a mutual agreement." (*Marin Storage & Trucking, Inc. v. Benco Contracting and Engineering, Inc., supra*, 89 Cal.App.4th at p. 1050.)